## MAGGIORE v. SOUTHERN PAC. CO.

District Court, S. D. New York.
March 29, 1943.

474

Samuel L. Sargent, of New York City (Samuel L. Sargent and Isaac Sargent, both of New York City, of counsel), for plaintiff.

Buland, Minor & Waterman, of New York City (Jeremiah C. Waterman, of New York City, of counsel), for defendant.

BYERS, District Judge.

Motion to set aside a verdict as excessive and for a new trial because of error in that the court expressed an opinion that the earnings of the decedent were probably in excess of those shown in his income tax returns for the four or five years before his death; and for failure to adhere to Federal Rule 51, 28 U.S.C.A. following section 723c, in refusing to allow the taking of an exception to the charge, out of the hearing of the jury.

As to the latter, the rule deals with requests to charge, not with exceptions to the charge as delivered. See Supreme Court Rule 8, 28 U.S.C.A. following section 354.

The opinion or suggestion made by the court, to the effect that probably the decedent's earnings were actually in excess of the amount shown in his income tax returns, was thought to be justified by the evidence touching the nature and character of his practice and the lack of office records of any kind showing his actual financial receipts. At the time the charge was formulated and delivered, the comment was thought to possess justification in an effort to assist the jury to reach a just conclusion. In view of the size of the verdict, I am now inclined to believe that the strictures of defendant's counsel are probably justified.

If decedent's earnings during the years immediately prior to his entry into the military service in August of 1942 were the only data available to the jury, I should feel constrained to grant the motion unreservedly, on the theory that perhaps serious error was committed.

The fact is, however, that the controlling contributions made by decedent to his father were precisely shown, by his allotment from his Army pay and subsistence allowance, amounting to $111 per month for his father from August, 1942, to December, 1942. (Payments to his sister are not compensable since the plaintiff was his sole next of kin.) This was a known factor in present amount, but not duration. Promotion might bring more, or failure to continue in service might result otherwise. The father's expectancy was nearly twelve years, at his age of sixty-five. That is a variable but may be considered.

In addition to the pecuniary loss to the father of these anticipated contributions, under the California law, which governs the case, there must also be awarded a sum deemed financially compensatory for the loss of companionship suffered by the father. There is no formula suggested, in either the statute or the cases, upon which such a sum can be computed, but it must be arrived at in light of all of the evidence in the case.

There is finally the conceded item of $623 representing funeral expenses which the father paid.

The verdict was for $33,623, which sum I have been unable to justify under the evidence.

Unless within 10 days the plaintiff shall consent to reduce the verdict to $25,623, the motion to set aside the verdict and for a new trial will be granted.

Settle order.